IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| RICHARD SHEETS, | ) |
| Petitioner, | ) Civil Action No. 2:24-cv-831 |
| v. | ) Magistrate Judge Patricia L. Dodge |
| SHANE DADY and DISTRICT ATTORNEY OF ALLEGHENY COUNTY, | ) |
| Respondents. | ) |

## MEMORANDUM

Before the Court[1] is the Amended Petition for a Writ of Habeas Corpus (ECF 8) filed by Petitioner Richard Sheets under 28 U.S.C. § 2241. For the reasons set forth below, the Court will deny the Amended Petition.

**I.   Relevant Background**

Sheets is proceeding *pro se* in this habeas case. He is awaiting his trial in the Court of Common Pleas of Allegheny County ("trial court") at Criminal Docket numbers:

- CP-02-CR-2476-2024 on these charges: one count of Dissemination of Explicit Sexual Materials to a Minor; two counts of Unlawful Contact with a Minor; one count of Corruption of Minors; one count of Indecent Assault of a Person Less than Thirteen Years of Age; and one count of Indecent Assault; and,

- CP-02-CR-3050-2024 on these charges: one count of Rape by Forcible Compulsion; one count of Involuntary Deviate Sexual Intercourse by Forcible Compulsion; one count of Unlawful Contact with a Minor; two counts of Sexual Assault; one count of Corruption of Minors; two counts of Indecent Assault by Forcible Compulsion; and two counts of Indecent Assault.

Attorney Erich Spessard represents Sheets in these state criminal cases.

---

[1] In accordance with the provisions of 28 U.S.C. § 636(c)(1), the parties in that case voluntarily consented to have a United States Magistrate Judge conduct that proceeding, including entry of a final judgment.

On or around August 2, 2024, Sheets filed with this Court an Amended Petition for a Writ of Habeas Corpus under 28 U.S.C. § 2241. (ECF 8.) He brings three claims related to the trial court's decision to deny him bail. (*Id.* at 6-8.) He also claims that his arrest "was unconstitutional because it was based solely on alleged false allegations made by the complainant[.]" (*Id.* at 7.) As relief, Sheets seeks an order from this Court that directs that he be immediately released from custody. (*Id.* at 8.)

Respondents have filed an Answer (ECF 10) and relevant state court records. Respondents argue, among other things, that Sheets' bail-related claims are moot because after he filed the Amended Petition the trial court released him on bail.

After Respondents filed their Answer the Court entered an order setting the due date for Sheets' reply and mailed it to him at his address of record at the Allegheny County Jail ("ACJ"). (ECF 12.) The envelope that contained that order was returned to the Court with the notation that Sheets was no longer housed at the ACJ.[2]

**II.     Discussion**

The purpose of a writ of habeas corpus is to challenge the legal authority under which a prisoner is held in custody and its function is to secure an order directing that the petitioner be released from illegal custody. *See, e.g.*, *Keitel v. Mazurkiewicz*, 729 F.3d 278, 280 (3d Cir. 2013) (citing *Preiser v. Rodriguez*, 411 U.S. 475, 484 (1973)). "For state prisoners, federal habeas corpus is substantially a post-conviction remedy[.]" *Moore v. DeYoung*, 515 F.2d 437, 448 (3d Cir. 1975) (citing 28 U.S.C. § 2254 and *Peyton v. Rowe*, 391 U.S. 54 (1967)). 28 U.S.C. § 2254 is the federal habeas statute applicable to state prisoners. It provides: "The Supreme Court, a Justice thereof, a

---

[2] In a prior order, the Court advised Sheets that he is under a continuing obligation to notify the Court of any change of address. (ECF 2.) Notwithstanding this directive, Sheets did not update his address after he was released from the ACJ.

circuit judge, or a district court shall entertain an application for a writ of habeas corpus in behalf of a person in custody pursuant to the judgment of a State court only on the ground that he is in custody in violation of the Constitution or laws or treaties of the United States." 28 U.S.C. § 2254(a); *see, e.g.*, *Coady v. Vaughn*, 251 F.3d 480, 484-86 (3d Cir. 2001). After a state prisoner has been convicted, sentenced, and has exhausted his remedies in the state courts, he may seek federal habeas relief under § 2254.

While § 2254 applies to post-trial situations, the more general habeas corpus statute of 28 U.S.C. § 2241 provides federal courts with jurisdiction to issue a writ of habeas corpus before a state judgment is rendered, but only in very limited circumstances. "[T]hat jurisdiction must be exercised sparingly in order to prevent in the ordinary circumstance 'pre-trial habeas interference by federal courts in the normal functioning of state criminal processes.'" *Duran v. Thomas*, 393 F. App'x 3 (3d Cir. 2010) (quoting *Moore*, 515 F.2d at 445-46).

Section 2241 provides in relevant part: "The writ of habeas corpus shall not extend to a prisoner unless…[h]e is in custody in violation of the Constitution or laws or treaties of the United States[.]" 28 U.S.C. § 2241(c)(3). Thus, under this statute, a state criminal defendant has the mechanism in a federal habeas action to challenge the legality of his pretrial confinement by arguing that he should not be in pretrial custody in the first place because, for example: (1) his upcoming trial violates his rights under the Double Jeopardy Clause, *see, e.g.*, *United States ex rel. Webb v. Court of Common Pleas*, 516 F.2d 1034 (3d Cir. 1975); or, (2) he is being deprived of his constitutional right to a speedy trial, *see, e.g.*, *Braden v. Jud. Cir. Court of Kentucky*, 410 U.S. 484, 492-93 (1973); or (3) the trial court has unconstitutionally denied or revoked bail, *see, e.g.*, *Atkins v. Michigan*, 644 F.2d 543, 550 (6th Cir. 1981).

Sheets' claims challenging the denial of bail fall within the above categories. But those claims are now moot because Sheets has been released on bail.

As for Sheets' claim that his arrest "was unconstitutional because it was based solely on alleged false allegations made by the complainant[,]" (ECF 8 at 7), that is not the type of claim that typically can be litigated in a § 2241 petition.[3] *See, e.g.*, *Robinson v. Harper*, 2020 WL 2573352, at *5 (W.D. Pa. Apr. 28, 2020) ("prosecutorial misconduct, and perjury by the police officers in the course of [a] preliminary hearing and lying by the police officers in their affidavits of probable cause and improprieties in the proceedings before the state magisterial district judge ...have not been found sufficient to constitute 'extraordinary circumstances' or 'special circumstances' within the meaning of Section 2241 jurisprudence"); *Lawson v. Warren*, 2021 WL 4206296, at *2 (D.N.J. Sept. 16, 2021) (state court pretrial detainee may not use § 2241 to "simply attempt[ ] to pre-litigate his defenses in this court prematurely"). If Sheets is convicted of any crime, he can litigate claims in a petition for a writ of habeas corpus filed under § 2254 that

---

[3] If this claim was the type that could be litigated in a § 2241 petition this Court would not consider it because Sheets did not exhaust it. *Schandelmeier v. Cunningham*, 819 F.2d 52, 53 (3d Cir. 1986) ("The state court exhaustion requirement is mandated by statute under 28 U.S.C. § 2254(b) and has developed through decisional law…as to claims brought under 28 U.S.C. § 2241.") Moreover, the abstention doctrine set forth in *Younger v. Harris*, 401 U.S. 37 (1971) would apply. *Younger* provides that "principles of federalism and comity require district courts to abstain from enjoining pending state criminal proceedings absent extraordinary circumstances." *Younger v. Harris*, 401 U.S. 37 (1971); *Moore*, 515 F.2d at 447-48. *Younger* abstention will apply when: "(1) there are ongoing state proceedings that are judicial in nature; (2) the state proceedings implicate important state interests; and (3) the state proceedings afford an adequate opportunity to raise the federal claims." *Lazaridis v. Wehmer*, 591 F.3d 666, 670 (3d Cir. 2010) (quoting *Addiction Specialists, Inc. v. Twp. of Hampton*, 411 F.3d 399, 408 (3d Cir. 2005)). All of these factors are satisfied here. When they are, abstention is required unless the petitioner shows that the state proceedings are motivated by bad faith, the state law being challenged is patently unconstitutional, or there is no adequate alternative state forum where the constitutional issues can be raised. *Id.* at 670 n.4 (citing *Schall v. Joyce*, 885 F.2d 101, 106 (3d Cir. 1989)). These exceptions are to be construed "very narrowly" and invoked only in "extraordinary circumstances[,]" and do not apply in this case. *Id.*; *Moore*, 515 F.2d at 448.

challenge the validity of his conviction, including claims asserting that the Commonwealth introduced insufficient evidence to support a conviction, after he has exhausted his available state court remedies for those claims. 28 U.S.C. § 2254(b).

Based on all of the above, the Court will deny the Amended Petition.

### III.     Certificate of Appealability

AEDPA codified standards governing the issuance of a certificate of appealability for appellate review of a district court's disposition of a habeas petition filed by a state prisoner under either § 2254 or § 2241. It provides that "[u]nless a circuit justice or judge issues a certificate of appealability, an appeal may not be taken to the court of appeals from…the final order in a habeas corpus proceeding in which the detention complained of arises out of process issued by a State court[.]" 28 U.S.C. § 2253(c)(1)(A). It also provides that "[a] certificate of appealability may issue...only if the applicant has made a substantial showing of the denial of a constitutional right." *Id.* § 2253(c)(2). Sheets is not entitled to a certificate of appealability because jurists of reason would not find it debatable whether his claims should be denied. *Slack v. McDaniel*, 529 U.S. 473, 484 (2000).

### IV.     Conclusion

Based on the above, the Court will deny Sheets' Amended Petition for a Writ of Habeas Corpus (ECF 8) and will deny a certificate of appealability with respect to each claim.

An appropriate Order follows.

January 15, 2025                                          /s/ Patricia L. Dodge
                                                          PATRICIA L. DODGE
                                                          United States Magistrate Judge